IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 10, 2012 Session

## ROCKY TOP REALTY, INC., v. DEBRA YOUNG, et al.

**Appeal from the Chancery Court for Knox County**
No. 169264-3    Hon. Michael W. Moyers, Chancellor

**No. E2011-01966-COA-R3-CV-FILED-SEPTEMBER 13, 2012**

This is the second appeal in this case. In the first appeal we held that the parties did not have a contract for the sale of the property, and we remanded it back to the Trial Court to determine a reasonable fee in quantum meruit for the plaintiff as the facilitator of the sale. Upon remand, the Trial Court heard proof and held that plaintiff was entitled to a 6% commission on the sale price. On appeal, we affirm the Judgment as modified.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court is Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Melissa C. Reiners and Marty McDonald, Knoxville, Tennessee, for the appellants, Debra Young and Kyle Lane.

Bryan L. Capps, Meridith C. Bond, and Terry G. Adams, Knoxville, Tennessee, for the appellee, Rocky Top Realty.

**OPINION**

Plaintiff, Rocky Top Realty, filed a Complaint against Debra Young and Kyle Lane, seeking recovery of a fee on behalf of one of its real estate brokers, Sonny Mullins, who sold

property for defendants.[1]  Plaintiff alleged that defendants employed Mullins as a facilitator to sell their property on Clear Springs Road in Mascot, and that they agreed to pay him a fee of $200,000.  In the alternative, plaintiff sued in quasi-contract for the benefit conferred on defendants, and asserted that a reasonable fee would be $200,000.  Plaintiff attached the real estate contract for sale of the property, which says nothing about fees.  Plaintiff also attached a handwritten note penned by Mullins, which says that his fee will be $200,000, but which is not signed by either defendant. Plaintiff attached the Confirmation of Agency Status document, which states that Mullins is acting as a facilitator, and is not the agent of either party.  The document also says nothing about fees.

Defendants filed an Answer, stating that they did not employ plaintiff or Mullins and never agreed to pay a facilitator's fee.  Defendants stated that there was no written agreement requiring them to pay a fee, and that plaintiff had no right of recovery.   A trial was held, and the Court entered a Judgment for plaintiff for $135,000.  In its Memorandum Opinion, the Court found that Young was the owner of the large tract of property at issue, and that defendants had prior dealings with Mullins.  The Court found that Mullins either contacted or was contacted by Lane about the property, and they had a conversation about what price the property might bring and what defendants would sell it for.  The Court found that after Mullins came to defendants' home with an offer to purchase the property for $2.7 million, that defendants accepted the offer.

The Trial Court rejected the assertion that an oral contract existed, and then addressed plaintiff's claim of quasi-contract/quantum meruit, and found that plaintiff sought a 10% commission, but the Court concluded that it was unjust to award plaintiff the entire normal 10% commission, and found the buyer and seller should share this equally, such that Young's part would be 5%, or $135,000.

The parties appealed to this Court, and this Court found that once the requirements for a quasi-contract recovery had been shown, the recovery was limited to the actual value of the goods/services received by the defendant.  We explained that the reasonable value of services could be based on the customs/practices prevailing in the industry, and that the plaintiff could show this by explaining the method used to arrive at a fee or by offering proof from other professionals in the field.  We found that while there was testimony that a 10% fee was proper on "raw" land, there was no proof in this case that this property was unimproved, and further, there was a problem with the fact that the testimony regarding customary fees applied to instances where the realtor was a listing agent, and not merely a facilitator.  We opined there was no evidence in the record regarding what a customary fee

---

[1]  Kyle Lane was later dismissed from the lawsuit because he was not an actual owner of the property.

-2-

was for a facilitator in Knox County, and thus the Court's reliance on the testimony regarding a 10% fee was misplaced. We concluded that there was not sufficient evidence in the record to determine a proper award, and remanded the case to the Trial Court for an evidentiary hearing regarding the actual value of Mullins' services provided.

Upon remand, Mullins testified as to his opinion of the value of his service, and offered the testimony of Steven Fogarty, who had worked for Realty Executives for the last 9 years. Fogarty testified that a facilitator was also known as a transaction broker, and that they usually got the whole commission in a transaction because they brought the buyer and seller together. Further, he testified that facilitators were paid by commission and were not paid by the day or hour, and were paid the same fee regardless of how long it took to sell the property, and that the fee was not reduced if it sold quickly. Fogarty testified as follows:

Q. Okay. So as an expert in this business, knowing Mr. Mullins and what he brings to the table, how would you value his services that he rendered Ms. Young in this particular case?

A. If I were asked what the commission would have been on a transaction, not knowing any of the parties, a two point seven million dollar commission -- excuse me -- two point seven million dollar sale, I'm going to say -- and the MLS statistics will back this up -- that it's going to be between eight and ten percent. And typically, that commission is split between listing agent and selling agent. And again, if they sell it, they get both sides of the commission.

Q. And is what you've just discussed, is that the common and prevailing practice in the real estate industry –

A. Yes.

Q. -- in Knox -- Knoxville, Knox County?

A. Uh-huh.

Q. Was that true in 2005?

A. Yes, sir.

The defendant offered no evidence on the issue and relied on cross-examining the witnesses for defendant's position.

The Trial Court held that commission on improved property was customarily 6%, and awarded 6% of the sales price to plaintiff. Defendant has appealed and raised these issues:

1.      Whether the Trial Court correctly interpreted the directives of this Court?

2.      What standard should be applied to determining the quantum meruit recovery amount in transactions which are usually paid by commission?

3.      Was a $162,000 award for three days of work excessive and inequitable?

As noted herein, in the prior appeal of this case, we set aside the judgment for the plaintiff and remanded back to the Trial Court to enter Judgment for plaintiff based upon quantum meruit, because there was no contract between the parties. Upon remand, plaintiff's proof again consisted in part on Mullins' testimony regarding usual and customary percentage-type fees on land transactions where there was a contractual listing. Mullins' testimony focused on customary percentage-type real estate commissions.

However, Mr. Fogarty, who qualified as an expert was clear and persuasive, as quoted above. He opined that a facilitator's fee in Knox County ranged between 8 to 10%, with the buyer paying half of the commission and the seller paying half of the commission. In this case, we conclude, based upon the relatively short period of time in bringing the parties together and other circumstances, that an 8% commission would be the reasonable value for the facilitator's services in this case. In accordance with the evidence Fogarty offered, the seller should pay 4% of the commission. Accordingly, we hold that plaintiff is entitled to recover judgment against defendant seller in the amount of 4% of the sales price of the property sold, and affirm the Trial Court's Judgment, as modified. The case is remanded for entry of a Judgment in accordance with this Opinion.

The cost of the appeal, in our discretion, is taxed one-half to the plaintiff and one-half to the defendant.

_____
HERSCHEL PICKENS FRANKS, P.J.

-4-